IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM DUNCAN .                              PLAINTIFF

V.                    Civil No. 2:15-cv-02013-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, William Duncan, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed his application for SSI on July 30, 2012, alleging an onset date of September 12, 1991,[1] due to seizures. Tr. 9, 170-178, 189, 204-205. The Commissioner denied his application initially and on reconsideration. The Administrative Law Judge ("ALJ") held an administrative hearing on April 24, 2013; however, the Plaintiff failed to appear. Tr. 51-63. Accordingly, he

---

[1] Records reveal that the Plaintiff had received SSI benefits from 2005 until 2010, but said benefits were discontinued when he was incarcerated for vehicular homicide. Tr. 27-28. This is not, however, a direct appeal of the discontinuation of his benefits.

held a supplemental hearing on August 1, 2013.  Tr. 22-50.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 36 years old and possessed a General Education Diploma.  Tr. 26-27.  He had no past relevant work ("PRW") experience.  Tr. 16, 27, 206-213.

On September 27, 2013, the ALJ concluded that the Plaintiff's seizure disorder was severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 11.  After partially discrediting the Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> He is limited to no climbing of ladders, ropes, or scaffolds; he must avoid all exposure to hazards, including exposure to unprotected heights, moving machinery, and driving as part of work; and he must avoid exposure to temperature extremes, in particular extremes in heat.  Further, the claimant is limited to work involving simple, routine, repetitive tasks due to the fact that stress could potentially exacerbate his seizure disorder.

Tr. 12.  With the assistance of a vocational expert, the ALJ then found the Plaintiff capable of performing work as a hand packager, fabric layout worker, laundry folder, lampshade assembler, and compact assembler.  Tr. 16.

The Appeals Council denied the Plaintiff's request for review on November 19, 2014.  Tr. 1-3.  Subsequently, Plaintiff filed this action.  ECF No. 1.  This matter is before the undersigned by consent of the parties.  ECF No. 7. Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 9, 10.

## II.   **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the

Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given his or her age, education, and experience.  20 C.F.R. § 416.920(a)(4).  Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity.  20 C.F.R. § 416.920(a)(4)(v).

## III.     Discussion:

Of particular concern to the undersigned is the ALJ's failure to develop the record with regard to the Plaintiff's RFC.  The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts.  *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).  An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped or underdeveloped, and should order consultative exams when the medical records presented to him do not provide sufficient medical evidence to determine whether the claimant is disabled.  *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010).

RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 416.945 (2014).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

Here, the Plaintiff suffered a head injury at age 13 and began experiencing seizures.  Tr. 273.  Although the frequency of his seizures is not clear, the record does clearly indicate that the Plaintiff continues to experience seizures in spite of medication compliance.  Tr. 305.  The record contains two RFC assessments completed by non-examining consultants in 2012 concluding that the Plaintiff could perform work at all exertional levels with only seizure precautions.  Tr. 69-71, 80-81.  Unfortunately, there was little to no medical evidence available at the time of their

4

assessments. In fact, the majority of the evidence is dated between January 2013 and June 2013. And, we note that the Plaintiff's treating doctor (s) restricted him with regard to driving and stress in June 2013. Because the RFC assessments contained in the record do not taking into account all of the evidence, we find that remand is necessary to allow the ALJ to obtain a seizure statement and RFC assessment from the Plaintiff's treating doctor(s) at the Good Samaritan Clinic. If the doctor(s) are unwilling or otherwise unable to provide this information, then the ALJ should obtain a consultative neurological evaluation complete with a thorough RFC assessment.

In reviewing the record, we also note that the ALJ did not find the Plaintiff's seizure log to be reliable, commenting on the alleged duration (10 to 70 minutes) and frequency (an average of 2 to 3 per month) of the seizures and the Plaintiff's failure to seek out emergency medical attention. Tr. 255-258. The Plaintiff testified that his wife completed the log for him to provide to his doctor. Although the Plaintiff's wife testified at the administrative hearing, the ALJ failed to question her regarding the type, frequency, and duration of the seizures she recorded. As such, we are unable to discern whether the time indicated for each seizure was the actual length of the convulsion or included the period of time the Plaintiff was "out of it" following the seizure. We are also unable to determine whether the seizures on the log were grand mal seizures or seizures of another type, as the Plaintiff has endorsed experiencing two types of seizures. Tr. 273. This is particularly significant, given that Listing 11.02 requires documentation of a three-month history wherein the Plaintiff was on medication but experienced more than one grand mal or psychomotor seizure per month. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.02. Accordingly, we find that remand is also necessary to allow the ALJ to develop the record further in this regard.

5

**IV.     Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 17th day of December, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE